**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
blukitsch@bakerlaw.com
Kamran B. Ahmadian (SBN 314566)
kahmadian@bakerlaw.com
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859

*Attorneys for Defendant*
WARBY PARKER, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WARBY PARKER, INC.; and DOES 1 through 25, inclusive,<br><br>Defendants. | *[Orange County Superior Court Case No. 30-2022-01273354-CU-MT-CXC]*<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>*[Filed concurrently with Civil Case Cover Sheet; and Notice of Interested Parties]* |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant WARBY PARKER, INC. ("Warby Parker"), removes the action filed by Annette Cody ("Plaintiff") in the Superior Court of the State of California in and for the County of Orange, captioned *Annette Code v. Warby Parker, Inc.,* Case No. 30-2022-01273354-CU-MT-CXC.

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446, because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Specifically, the United States District Court for the Central District of California embraces Orange County, California, which is the location of the state court in which Plaintiff brought this case and where it is pending. Thus, this Court is the proper district court to which this case has been removed. 28 U.S.C. §§ 1441(b) and 1446(a).

## THE ACTION AND TIMELINESS OF REMOVAL

3. On August 2, 2022, Plaintiff filed a civil action in the Superior Court of the State of California in and for the County of Orange, entitled *Annette Code v. Warby Parker, Inc.,* Case No. 30-2022-01273354-CU-MT-CXC (the "State Court Action").

4. On August 8, 2022, Plaintiff served Warby Parker with copies of the Summons, Complaint and related State Court documents. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and all additional process, pleadings, and orders served upon Warby Parker are attached to this Notice of Removal as **Exhibit "A"**.

5. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because it was filed within 30 days of receipt of a copy of the Summons and Complaint in the State Court Action.

## CAFA JURISDICTION

6. <u>Basis of Original Jurisdiction</u>. This Court has original jurisdiction of this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) and (4), which provides that a district court shall have original jurisdiction of a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5 million. 28 U.S.C § 1332(d)(2) further provides that any member of the putative class must be a citizen of a state different from any defendant.

7. As set forth below, pursuant to 28 U.S.C. § 1441(a), Warby Parker may remove the State Court Action to federal court under CAFA because plaintiff alleges that: (i) the amount in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) this putative class action involves more than one hundred (100) putative class plaintiffs; and (iii) members of the putative class are citizens of a state different from Warby Parker.

## DIVERSITY OF CITIZENSHIP

8. <u>Plaintiff's Citizenship</u>. As alleged in the Complaint, Plaintiff is a resident of Orange County, California. (Compl. ¶ 7). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F. 3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.[1]

---

[1] Although Plaintiff has also named fictitious defendants "DOES 1 through 25," 28 U.S.C. § 1441(a) provides, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." *See also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

9. <u>Warby Parker's Citizenship</u>. A corporation is deemed to be a citizen of the state where it is organized and the state where it has its principal place of business. 28 U.S.C. § 1332(d)(10); *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009). As alleged in the Complaint, Warby Parker is organized under the laws of the State of Delaware. (Compl. ¶ 8). Warby Parker's principal place of business is in New York, New York. Thus, for purposes of CAFA, Warby Parker, as a corporation, is a citizen of Delaware and New York.

10. <u>Minimal Diversity</u>. CAFA requires only minimal diversity, which exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Minimal diversity of citizenship is established here, because Plaintiff (who is a member of the putative class) is a citizen of the State of California, and Warby Parker is a citizen of Delaware and New York. 28 U.S.C. § 1332(d)(2)(A).

11. <u>Size of the Putative Class</u>. Plaintiff seeks to represent a class of "[a]ll persons within California, who (1) within one year of the filing of the Complaint visited [Warby Parker's] website, and (2) whose electronic communications were caused to be intercepted, recorded, and/or monitored by [Warby Parker] without prior consent." (Compl. ¶ 19). For purposes of this Removal, Warby Parker has limited the putative class to the period of August 2, 2021 to August 2, 2022. Plaintiff alleges that the size of the putative class, although unclear at this time, is likely to "number in the tens of thousands, if not more." (Compl., ¶ 20).

**AMOUNT IN CONTROVERSY UNDER CAFA**

12. Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement, which in CAFA actions is $5,000,000 in the aggregate. *See, e.g.*, *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002).

13. Plaintiff's putative class action alleges that Warby Parker repeatedly violated California Penal Code § 631, known as the California Invasion of Privacy

Act ("CIPA"). Plaintiff's prayer for relief seeks, among other things, injunctive relief, an award of statutory penalties pursuant to § 631(a), punitive damages, prejudgment interest on all damages awarded, attorneys' fees and costs, and such other and further relief as the Court deems equitable and appropriate. (*See* Compl., Prayer for Relief).

14.  Warby Parker denies Plaintiff's CIPA claim entirely. For purposes of removal, however, and without conceding that Plaintiff or the purported class members are entitled to or could recover damages in any amount, the amount in controversy in this putative class action, in the aggregate, is well in excess of $5,000,000, exclusive of interest and costs.

15.  As stated above, Plaintiff alleges that the size of the putative class is likely to "number in the tens of thousands, if not more." (Compl., ¶ 20). Plaintiff further alleges that each CIPA violation constitutes an "independent and discreet violation" entitling the putative class to statutory penalties of "at least $5,000.00." (Compl. ¶ 31). Assuming *arguendo* that Plaintiff is correct regarding the calculation of statutory penalties and class size, the statutory penalties alone could exceed $5,000,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("the amount in controversy is not a prospective assessment of a defendant's liability" but the amount potentially "at stake.").

16.  As described above, the class-wide amount in controversy, even exclusive of attorneys' fees, is conservatively estimated to be well in excess of $5,000,000.

**NOTICE TO PLAINTIFF AND STATE COURT**

17.  As required by 28 U.S.C. § 1446(d), Warby Parker is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Orange.

\\

Respectfully submitted,

Dated: September 7, 2022      **BAKER & HOSTETLER LLP**

By:    */s/Bethany G. Lukitsch*
        Bethany G. Lukitsch, Esq.
        Kamran B. Ahmadian, Esq.

*Attorneys for Defendant*
WARBY PARKER, INC.

## **PROOF OF SERVICE**

I, Arnel C. Glorioso, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On September 7, 2022, I served a copy of the within document(s): **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

| | |
|---|---|
| ☑ | **VIA U.S. MAIL.** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
David W. Reid, Bar No. 267382
dreid@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on September 7, 2022, at Los Angeles, California.


*/s/ Arnel C. Glorioso*
Arnel C. Glorioso

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES